1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    UNITED STATES OF AMERICA,

9                            Plaintiff,                    Case No. MJ20-029

10         v.                                    **DETENTION ORDER ON MOTION
                                               TO REOPEN DETENTION
11    DIRK TICHGELAAR,                          HEARING**

12                            Defendant.

13         The Court, having reopened the detention hearing and conducted a second detention

14    hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement

15    of reasons for detention hereafter set forth, finds that no condition or combination of conditions

16    which the defendant can meet will reasonably assure the appearance of the defendant as required

17    and the safety of any other person and the community.

18         **FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

19         (1)    Defendant has been charged by complaint with enticement of a minor.

20         (2)    Defendant has a criminal history consisting of violent offenses and sexual

21    offenses, substance use and mental health history.

22         (3)    The Court received information about defendant's personal history, residence,

23    family, community ties, employment history, financial status, health and substance use.

DETENTION order on motion to reopen detention hearing - 1

1    (4)    The Court held a detention hearing on January 28, 2020.  At that hearing, the

2    defendant through his attorney made argument as to release and filed a Responsive pleading that

3    the Court reviewed.

4    (5)    There is a presumption of detention based on the nature of the offense.

5    (6)    Based upon the information presented to the Court at the January 28, 2020,

6    hearing the Court ordered the defendant detained.

7    (7)    Defendant through his attorneys moved to reopen detention based on new

8    information not known to his attorneys at the time of the initial detention order, the COVID-19

9    issues at the Federal Detention Center (FDC), and affective assistance of counsel concerns.

10    (8)    Government filed a response to motion to reopen detention and argued for

11    continued detention.

12    (9)    The Pretrial Services Office recommends continued detention.

13    (10)    The Court finds that the Bail Reform Act expressly contemplates the review and

14    reassessment of release and detention decisions when new information that was not otherwise

15    known to the movant at the time of the hearing and that has a material bearing on the issue of

16    whether there are conditions of release that will reasonably assure the appearance of such person

17    as required and the safety of any other person and the community. 18 U.S.C. §3142(f).  Here, the

18    Court agreed that new information and circumstances existed such that the Court could proceed

19    with this hearing.  Specifically, the potential residence for the defendant was unknown at the

20    time of the hearing and the COVID-19 pandemic was not present in the FDC.

21    (11)    The Court finds that the new information concerning a living residence in Oregon

22    does not overcome the presumption of detention. Having a place to live will do nothing to

23    mitigate the danger posed to the community generally and children in particular.

DETENTION order on motion to reopen detention hearing - 2

(12)    The Court finds that the COVID-19 presence in the FDC is a troubling issue as there are inmates and staff testing positive.  But the staff of that facility have the responsibility to take all possible measures to protect inmates (and staff).  The Court is satisfied they are discharging that responsibility to the best of their ability, in very difficult circumstances. It would not be appropriate for the Court to suspend application of the Bail Reform Act and release pretrial defendants who otherwise would be detained by application of the standards of that Act.

(13)    Likewise, the Court finds that since the arrival of the virus at the FDC the subsequent isolation, contact tracing, and other measures taken by the FDC to control the outbreak have impacted communication between defense teams and their clients.  These conditions are not ideal but communication is available and efforts are being made to allow for greater access.

It is therefore **ORDERED**:

(1)    Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2)    Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

1  (4)  The Clerk shall direct copies of this order to counsel for the United States, to

2  counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services

3  Officer.

4  DATED this 2nd day of October, 2020.

5

6  PAULA L. MCCANDLIS
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DETENTION order on motion to reopen detention hearing - 4