The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIRK WALTER TICHGELAAR,<br><br>Defendant. | NO. CR21-114 RSL<br>CR21-115 RSL<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

## I.  INTRODUCTION

Dirk Walter Tichgelaar, a convicted sex offender, traveled hundreds of miles from his home in Oregon because he believed he was going to have the chance to brutalize a little girl. Fortunately, that five-year-old girl did not exist. And when Tichgelaar arrived at the hotel where he planned to rape her, federal agents were waiting for him.

Bizarrely, he now says he knew it was a set up all along. He was not, he says, planning to rape an innocent child. Rather, he was desperate to return to a life of incarceration.

For multiple reasons, the Court should be skeptical. First, a sincere desire to be arrested and imprisoned is difficult to square with a calculated (if ill-conceived) attempt to tamper with and destroy evidence. Second, given what was stored on his devices, he

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. Tichgelaar*, CR21-114 RSL, CR21-115 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

could have saved himself considerable time and effort by simply walking his computer into a local police station and asking someone to take a look.

Tichgelaar's alternative explanation for why he traveled to Washington is certainly more appetizing, but it is not credible. Make no mistake, Tichgelaar is where he is because given the opportunity, he would have done unspeakable violence to a five-year-old. The clearest evidence of what he intended is not what he says now but what he said and did when he thought no one else was watching. Lengthy confinement and close supervision are therefore necessary to incapacitate Tichgelaar and neutralize the threat he poses.

The government therefore recommends a sentence at the low end of the advisory range followed by lifetime supervision.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

As detailed in the criminal complaint, Dkt 1, this investigation began in October 2019 when an undercover agent (the UC) was engaged in covert activity on internet chat rooms known to be associated with child sexual abuse and the trade of child pornography. The UC purported to be the father of a five-year-old girl, and he began chatting with Tichgelaar, who was using a screenname containing the word "pedo." Between October 2019 and January 2020, the UC and Tichgelaar engaged in a series of chats in which Tichgelaar told the UC he wanted to travel from Oregon to Washington to rape the UC's daughter. For example, Tichgelaar told the UC about his desire to orally rape this five-year-old in the exchange below:

> \<UC\> can u describe what u would love to do to [REDACTED], and by the way she has beautiful shiny dark hair, blue eyes, almost perfect skin, athletic figure and kinda small for a 5yo
>
> \<TICHGELAAR\> first i would want to kiss and lick all over her body, feel and taste here
>
> \<TICHGELAAR\> her

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Tichgelaar*, CR21-114 RSL, CR21-115 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

<TICHGELAAR> as my cock got nice and hard i'd like to rub it over her pussy just to feel it

<UC> yes!

<TICHGELAAR> if she can have her stroke me a little before i have her start doing oral

<TICHGELAAR> i would either cum in her mouth or pull out and cum on her

<UC> which is better?

<TICHGELAAR> does she swallow?

<UC> of course

<TICHGELAAR> then i would prefer in her mouth

<UC> nice

And in this exchange, Tichgelaar talked about how he could expand the scope of the rape and abuse of this little girl over time.

<TICHGELAAR> have you thought about making this something a little longer then one and done yet? something where i can help you get her further along?

<UC> ive thought about it, but like i said im more comfortable w/ a one and done. of course, i don't want to rule anything out.

<TICHGELAAR> :)

<UC> what besides oral do u want to do w/ [REDACTED]?

<TICHGELAAR> do you have any kind of time frame for this happening that your ok with thus far? i don't ask to be pushy i swear, i'm just curious

<TICHGELAAR> at 5 she's not able to do more more

<TICHGELAAR> i'd love to cum all over her though

<TICHGELAAR> rub it on her pussy

<TICHGELAAR> if it was ongoing i would be trying to get her ready for anal within a few months, and vaginal by the time she was 8 – 10

<UC> yeah, i have been training her w/ a plug but don't know how big u are

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Tichgelaar*, CR21-114 RSL, CR21-115 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

&lt;TICHGELAAR&gt; i'm fairly thick, i don't think she'd be ready yet

Ultimately, the UC and Tichgelaar made arrangements for a meeting on January 25, 2020. That day, Tichgelaar drove from his home in Portland, Oregon, to the meeting location in Whatcom County. Upon meeting the UC, Tichgelaar was placed under arrest and during an interview, acknowledged that what he talked about doing to the UC's fictitious five-year-old was illegal and claimed that he had not previously acted on his fantasy involving the abuse of young children. When he arrived, he had with him a bag containing an "Elsa"—a character from Disney's Frozen franchise—dress, which was intended as a gift for the fictitious five-year-old.

While he was in custody in Whatcom County awaiting transport to his initial appearance, Tichgelaar called his sister, with whom he shared his home in Portland. He asked her to find and destroy a thumb drive and run specialized software to remove evidence of child pornography from his computer. His sister did run the program as requested but did not destroy the thumb drive.

Law enforcement executed a federal search warrant at Tichgelaar's Portland home on February 1, 2020, seizing multiple items of digital media. Forensic examination of those digital media revealed several contained images and videos of child pornography, as well as evidence of Tichgelaar's internet activity and chat history about his interest in the sexual abuse of children.

Following his arrest and initial appearance, the Court ordered Tichgelaar detained. Tichgelaar ultimately pled to one count of attempted enticement of a minor and one count of possession of child pornography. That latter charge was initially filed in the District of Oregon. That case was transferred to this district under Rule 20 of the Federal Rules of Criminal Procedure so that Tichgelaar could enter pleas to all counts as part of a global resolution.

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Tichgelaar*, CR21-114 RSL, CR21-115 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III. APPLICATION OF MANDATORY MINIMUM IN CR21-114

The government anticipates the defendant will object to the application of a 10-year mandatory minimum for possession of child pornography. The government believes that mandatory minimum does apply because the defendant's Oregon conviction is a conviction relating to sexual abuse as required by 18 U.S.C. § 2252(b)(2). Even if the Court agrees with the defense, the defendant still faces a 10-year minimum for the count of conviction in Cause No. CR21-115. And because the factual admissions in the plea agreement establish that defendant's violation of 18 U.S.C. § 2252(a)(4)(B) involved a prepubescent minor or a minor who had not attained 12 years of age, the statutory maximum for that offense remains 20 years even if no mandatory minimum applies. *See* 18 U.S.C. § 2252(b)(2).

### IV. GUIDELINES RANGE

The government agrees with U.S. Probation's calculation of the Sentencing Guidelines. With a TOL of 39 and CHC V, the advisory range is 360 months to life.

### V. SENTENCING RECOMMENDATION

The government believes a sentence at the low end of the advisory range followed by lifetime supervision is the appropriate sentence in light of 18 U.S.C. § 3553(a).

Dirk Walter Tichgelaar is a dangerous predator with a history of offending against vulnerable minors. The only thing that prevented his savaging a little girl was the fact that she did not exist. He had the means and the motivation. It was only because he was involved in a sting that he lacked the opportunity.

Nor was what happened here a one off. The examination of his digital media showed that Tichgelaar also uses child sexual abuse material to satisfy his dark sexual appetite. People who consume this material perpetuate a trade that depends on the destruction of innocent lives. Tichgelaar chose momentary gratification over the welfare of children, and he must understand that such a choice is made at great peril.

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*United States v. Tichgelaar*, CR21-114 RSL, CR21-115 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

This is not to say Tichgelaar's case is devoid of mitigation. Prison is difficult under the best of circumstances of course, but Tichgelaar's health will certainly not make life in prison any easier. As he is in his late 40s, even a sentence far less than that recommended by the government would see him well into his 60s before release.

However, from the government's perspective, Tichgelaar's history and offense conduct demonstrate that confinement is the only certain means of preventing him from harming another child. And if he is to be out in the community, close supervision will be a necessity.

Understandably, Tichgelaar wants this Court to believe that his actions were motivated by something other than a desire to assault a young girl. But the government urges the Court to see this post hoc rationalization for the fiction that it is. Whatever sentence this Court concludes is reasonable in the end, it should not be lulled into a false sense of security about what Tichgelaar wanted and why he did what he did.

The government therefore respectfully asks this Court to impose a sentence at the low end of the advisory range and lifetime supervision.

## VI. RESTITUTION

The government received claims from multiple series victims. Defense counsel is attempting to negotiate with the victim representatives hoping to reach an agreed restitution amount. Additional time is necessary to let those discussions run their course. And the parties will therefore request that the Court set a restitution hearing at a later date.

//
//
//

GOVERNMENT'S SENTENCING MEMORANDUM - 6
*United States v. Tichgelaar*, CR21-114 RSL, CR21-115 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## VII. WAIVER OF APPEAL

As part of the plea agreement, the defendant has waived his right to appeal the sentence imposed in this case if the sentence does not exceed the applicable Guidelines range determined by the Court at the time of sentencing. If the Court imposes a sentence within this applicable Guidelines range or less, the government respectfully requests that the Court notify Defendant, pursuant to Federal Rule of Criminal Procedure 32(j)(1)(B), that he has waived his appeal rights except as to the effectiveness of legal representation. Otherwise, the government requests that the Court notify Defendant of his right to appeal the sentence as set forth in Title 18, United States Code, Section 3742.

DATED this 6th day of July, 2023.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*s/ Matthew P. Hampton*
MATTHEW P. HAMPTON
Assistant United States Attorney
U.S. Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-6677
Fax: (206) 553-2502
E-mail: matthew.hampton@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 7
*United States v. Tichgelaar*, CR21-114 RSL, CR21-115 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970